122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Bruce ELLIS, Plaintiff-Appellant,
v.
Raymond H. DELUDE, St. Vincents Hospital, Washington County
Employee; Gilbert Gregg, Washington County
Sheriffs Department, Defendants-Appellees,
and
ST. VINCENT HOSPITAL & MEDICAL CENTER, Washington County
Sheriffs Department, Washington County, Defendants.
 Nos. 96-35579, 96-35976.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-95-01584-JAR; James A. Redden, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ronald Bruce Ellis appeals pro se the district court's summary judgments in favor of defendants in his 42 U.S.C. § 1983 action alleging that a deputy sheriff and a hospital security guard violated his Fourth Amendment rights by conducting warrantless searches of his van. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the summary judgments de novo, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 A. Background
 
 3
 Deputy Sheriff Gilbert Gregg arrested Ellis on outstanding warrants at St. Vincent Medical Center. After transporting Ellis to the county jail, Gregg was advised by hospital security staff that Ellis had parked a van containing two dogs in the hospital parking lot. At Gregg's request, an animal control officer arrived to place the dogs into protective custody. Raymond DeLude, a hospital security guard, opened the unlocked back hatch of the van and the animal control officer removed the dogs from the van.
 
 
 4
 After a nurse at the county jail called to inform hospital security staff that Ellis needed certain medication that he may have left inside the van or at the hospital cafeteria, DeLude searched the van unsuccessfully for the medication. DeLude also removed a set of keys from the van, used them to lock the van, and gave the keys to Gregg. Gregg turned the keys over to the county jail for placement with Ellis's other property.
 
 B. Deputy Sheriff
 
 5
 Ellis contends the district court erred by granting summary judgment on his claim that Gregg violated his Fourth Amendment rights by directing the removal of the dogs. We disagree. The undisputed facts establish that Gregg was properly acting within the scope of the "community caretaking" exception to the warrant requirement by directing the removal of the dogs from Ellis's van. See Cady v. Dombrowski, 413 U.S. 433, 441 (1973); cf. United States v. Erickson, 991 F.2d 529, 531-32 (9th Cir.1993). Accordingly, the district court properly granted summary judgment on Ellis's claim against Gregg.
 
 C. Security Guard
 
 6
 Ellis contends the district court erred by granting summary judgment on his claim that DeLude violated his Fourth Amendment rights by searching his van for the medication and removing the keys from the van without a warrant. This contention lacks merit.
 
 
 7
 A wrongful search conducted by a private individual who is not acting as a governmental instrument or agent does not violate the Fourth Amendment. See United States v. Reed, 15 F.3d 928, 931-32 (9th Cir.1994). Here, Ellis failed to present any evidence that Gregg participated in the search or that Gregg directed DeLude to conduct the search. Moreover, although Gregg was present during DeLude's search, Ellis failed to present any evidence that DeLude intended to assist any type of law enforcement effort by searching the van. Cf. id. at 932 (stating that a search by a private individual in the presence of police officers implicated the Fourth Amendment because, while the officers did not participate in the search, the individual intended to assist law enforcement efforts); see also United States v. Andrini, 685 F.2d 1094, 1097-98 (9th Cir.1982) (stating that a search by a private individual in the presence of a law enforcement officer did not implicate the Fourth Amendment because the officer did not participate in the search and the search was conducted for a motive other than crime prevention). The undisputed evidence demonstrates that DeLude searched the van in order to locate Ellis's medication and to secure the van, not to assist a criminal investigation. See Andrini, 685 F.2d at 1097-98. Accordingly, the district court properly granted summary judgment on Ellis's claim against DeLude.
 
 D. Other Issue
 
 8
 Ellis contends the district court erred by failing to consider DeLude's deposition and Ellis's affidavit prior to granting DeLude's motion for summary judgment. This contention fails because DeLude concedes that he did not submit this evidence until after the district court had already granted summary judgment to DeLude.[1]
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ellis does not appear to appeal the dismissal of his state law claims. To the extent that he does, we affirm for the reasons stated by the district court
 
 
 [2]
 The clerk shall file appellant's November 2, 1996 "Complaint, Appeal of Summary Judgment of the District Court for the State of Oregon" and appellant's January 31, 1997 "Memorandum."